UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:  ) Case No. 17-40243
)
ERIE ISLANDS RESORT & MARINA,  )
AN OHIO GENERAL PARTNERSHIP,  ) Chapter 7
)
         Debtor.  ) Judge Kay Woods
)

**OBJECTION OF MICHELLE M. BARTHOLOMEW, JOAN A. BARTHOLOMEW AND DANIEL G. GERALSKY TO TRUSTEE'S EMERGENCY MOTION FOR ORDER (I) AUTHORIZING POST-PETITION SECURED FINANCING PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362 AND 364, (II) MODIFYING THE AUTOMATIC STAY AND (III) SCHEDULING A FINAL HEARING**

Michelle M. Bartholomew, Joan A. Bartholomew and Daniel G. Geralsky (collectively, "Bartholomew"), by undersigned counsel, submit their objection (the "Objection") to the *Motion for Order (I) Authorizing Post-Petition Financing Pursuant to Bankruptcy Code Sections 105, 361, 362 and 364, (II) Modifying the Automatic Stay and (III) Scheduling a Final Hearing* (the "Motion") filed by Michael D. Buzulencia, Chapter 7 Trustee (the "Trustee"). In support of their Objection, Bartholomew states as follows:

BACKGROUND

1. On February 16, 2017 (the "Petition Date") Erie Islands Resort & Marina, an Ohio general partnership (the "Debtor"), filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was subsequently appointed to administer the assets of the Debtor's estate (the "Estate").

2. The Estate's primary asset consists of approximately 375 acres of real estate located in Ottawa County, Ohio (the "Real Property"), which the Debtor had previously operated as a timeshare resort and marina (the "Resort").

3. Bartholomew holds a senior, first priority lien over certain of the Debtor's assets, including certain parcels of land included in the Real Property (the "Collateral"). Landmark Financial Investments, Inc. ("Landmark", collectively with Bartholomew, the "Prepetition Lenders") has asserted that it holds liens on various parcels of the Real Property, including a junior mortgage on Bartholomew's Collateral.

4. Shortly after the Petition Date, discussions were held between the Trustee, and counsel for the Trustee and the Prepetition Lenders to discuss the status of the Estate and the most efficient way to move forward to maximize the value of the Estate for the benefit of all stakeholders. Among other things, the parties agreed it was critical that (i) efforts be made to sell the Real Property as quickly and efficiently as possible, and (ii) efforts be made to collect the Debtor's outstanding accounts receivable to help generate the funds necessary to pay the Estate's necessary ongoing expenses.

5. On March 29, 2017, the Trustee filed (i) a motion to operate the Debtor's business to the limited extent necessary to preserve the value of the Estate and collect the Debtor's outstanding accounts receivable (the "Motion to Operate")[1] and (ii) a motion seeking authority to use the Prepetition Lenders' cash collateral and borrow up the $30,000 from Landmark (the "Cash Collateral Motion"). To date, Landmark has loaned the Estate approximately $8,000, which was used to pay certain insurance premiums.

**The Motion**

6. Pursuant to the Motion, the Trustee, among other things, is seeking authorization to borrow up to $400,000 to pay various expenses related to the Estate. As set forth more fully below, Bartholomew understands that funds are necessary to preserve the value of the Estate. Bartholomew does, however, have concerns regarding the sums being borrowed without taking

---

[1] [1] The Motion to Operate did not seek authorization to open the Resort for business this upcoming season.

2

18250636.1

17-40243-aih    Doc 59    FILED 04/19/17    ENTERED 04/19/17 11:56:16    Page 2 of 6

into account the Trustee's ability to generate funds without having to borrow the maximum funds available from the proposed lender.

## Objection

7. Bartholomew does not object to the Trustee borrowing such funds that are necessary to preserve the value of the Estate. The Motion, as filed, does not include: (i) a proposed budget ("Budget"),[2] (ii) copies of the loan documents between the Trustee and the lender, or (iii) a form of order granting the Motion. Consequently, parties in interest, including Bartholomew, have no idea (a) how the Trustee plans on using the borrowed funds or (b) the business terms of the loan. By way of example, there is no information provided to assure parties in interest that parties providing services to the Trustee possess the necessary experience and/or insurance coverage. These concerns are heightened by the Trustee's inability, thus far, to address concerns raised by Bartholomew regarding, among other things: (a) issues regarding the Debtor's bank accounts, heretofore closed by the Trustee, which has resulted in an inability to collect outstanding accounts receivable via electronic funds transfer and/or pre-approved credit card payments, (b) the fact that individual providing on-site services to the Trustee may not have insurance covering himself or his actions, and (c) using Bartholomew's assistance to otherwise collect outstanding accounts receivable, including outstanding water charges, maintenance fees and settlements.

8. Bartholomew (and presumably the Trustee) are hopeful that, once fully engaged, significant funds can be realized through a concerted effort to collect the Debtor's outstanding accounts receivable. To the extent funds are collected, those funds should be used to the fullest extent possible to pay ongoing expenses of the Estate, thereby reducing (hopefully significantly)

---

[2] Undersigned counsel has recently received a copy of the proposed Budget, but due to the intervening Passover holiday has not had an opportunity to review the Budget with Bartholomew.

3
18250636.1

17-40243-aih    Doc 59    FILED 04/19/17    ENTERED 04/19/17 11:56:16    Page 3 of 6

the amounts borrowed by the Trustee, and increasing the funds available to pay claims against the Estate.

9. Bartholomew is also concerned about the proposed twelve-month duration of the proposed loan facility. The Trustee has recently submitted an application to employ a real estate broker to market and sell the Property. As stated above, at the inception of this case the parties agreed that it was imperative that the Property be sold as quickly and efficiently as possible. The longer the sale process is allowed to drag on, the greater the administrative expenses that will be incurred; expenses that in a very real way will be directly borne by the Prepetition Lenders.

10. The Motion is unclear as to whether the Trustee intends to open the Facility, in any manner, for the upcoming season. Bartholomew believes that opening the Facility, to any extent, will greatly increase the expenses borne by the Estate, thereby greatly reducing the amount available for distribution to creditors. To this point, the Trustee has sought approval to operate the Debtor's business for the limited purposes of preserving the value of the Estate and collecting outstanding accounts receivable. Should the Trustee desire to operate the Facility, in any way, during the upcoming season; such authority should be subject to further motion and hearing before this Court.

WHEREFORE, Bartholomew respectfully seeks entry of an Order: (i) sustaining the

Objection in its entirety, and (ii) granting such other and further relief as this Court deems just and proper under the circumstances.

> Respectfully submitted,
>
> */s/ Dov Y. Frankel*
> Dov Y. Frankel (OH# 0077562)
> dfrankel@taftlaw.com
> Bruce J. L. Lowe (OH#0010918)
> blowe@taftlaw.com
> TAFT STETTINIUS & HOLLISTER LLP
> 200 Public Square
>  Suite 3500
> Cleveland, OH 44114-2302
> Tel: (216) 241-2838
> Fax: (216) 241-3707
>
> Counsel for Michelle Bartholomew, Joan Bartholomew and Daniel Geralsky

**CERTIFICATE OF SERVICE**

I certify that, on April 19, 2017, copies of the foregoing document were served via the Court's CM/ECF system on the parties listed on the Court's Electronic Mail Notice List:

| | |
|---|---|
| Austin Barnes, III on behalf of Tax Ease Ohio, LLC<br>abarnes@sandhu-law.com | Kate Bradley on behalf of Chapter 7 Trustee<br>kbradley@brouse.com |
| Stefanie Deka on behalf of IPFS Corporation<br>sdeka@mcglinchey.com | Bridget Franklin on behalf of Chapter 7 Trustee<br>bfranklin@brouse.com |
| Ronald Gold on behalf of DJM Realty Services, LLC and Gordon Brothers Group, LLC<br>rgold@fbtlaw.com | Michael E. Idzkowski on behalf of Ohio EPA<br>Michael.idzkowski@ohioattorney general.gov |
| Thomas Lucas on behalf of Carl Gordon<br>tlucas@rengellaw.com | Marc Merklin on behalf of Chapter 7 Trustee<br>mmerklin@brouse.com |
| Leo Puhalla on behalf of Landmark Financial Investments, Inc.<br>lpuhalla@mnblawyers.com | Timothy Reardon on behalf of Chapter 7 Trustee<br>treardon@brouse.com |
| Kirk Roessler on behalf of Mark Abood<br>kroessler@walterhav.com | Andrew Suhar on behalf of Chapter 7 Debtor<br>asuhar@suharlaw.com |
| Scott Belhorn on behalf of Office of the U.S. Trustee<br>Scott.R.Bellhorn@usdoj.gov | |

*/s/ Dov Y. Frankel*
Dov Y. Frankel