IT IS SO ORDERED.

Dated:  November 30, 2017
           03:26:27 PM

_____
Kay Woods
United States Bankruptcy Judge

```
                   UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF OHIO
                                   *
IN RE:                             *
                                   *     CASE NUMBER 17-40243
ERIE ISLANDS RESORT & MARINA       *
AN OHIO GENERAL PARTNERSHIP,       *     CHAPTER 7
                                   *
    Debtor.                        *     HONORABLE KAY WOODS
                                   *
****************************************************************
     ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO CERTIFY
           CLASS CLAIMS OF UNDIVIDED INTEREST OWNERS
****************************************************************
```

Before the Court is Motion of [sic] Pursuant to Bankruptcy Rule 9014 for Order Applying Bankruptcy Rule 7023 to State Certified Class Claims of Undivided Interest Owners or, Alternatively, Extension of Bar Date Deadline to Allow Individual Class Member Claims ("Class Claim Motion") (Doc. 203) filed on October 31, 2017 by D. Jeffery Rengel, Esq., allegedly on behalf of an Ohio common pleas court certified class of persons.  The Court held a hearing on the Class Claim Motion on November 29,

2017 ("Class Claim Hearing"), at which appeared Mr. Rengel and Timothy M. Reardon, Esq. on behalf of Michael D. Buzulencia, Chapter 7 Trustee. No party opposed the Class Claim Motion.

For the reasons set forth at the Class Claim Hearing and in the Court's Memorandum Opinion Regarding Motion to Certify Class Claims of Undivided Interest Owners, the Court hereby finds:

1. This Court has discretion to allow Claim 20 as a class claim.
2. Claim 20, which was timely filed, could be allowed as a class claim.
3. The parties' stipulation that the requirements of Federal Rule of Civil Procedure 23 (a) and (b) are met is sufficient for this Court to find that the Certified Class meets the standard for class certification in Federal Rule of Civil Procedure 23(a) and (b).
4. Rengel Law Office is neither a member of the Certified Class, the class representative, an authorized agent for the Certified Class, nor class counsel appointed by the Common Pleas Court. Accordingly, Rengel Law Office does not have standing to file a class claim.
5. The Class Representatives could file a class proof of claim.

As a consequence, the Court hereby grants the Class Claim Motion, in part, and denies it, in part. Further, in the interests of justice and for reasons of equity, the Court hereby grants leave for Claim 20 to be amended to change the name of the claimant from

Rengel Law Office to the Gordons and Walderzack, as Class Representatives. Such amendment must be done no later than December 7, 2017. Failure to timely amend Claim 20, as set forth herein, shall result in disallowance of Claim 20 in its entirety.

# # #