IT IS SO ORDERED.

Dated: May 11, 2018
      03:18:12 PM

Kay Woods
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ERIE ISLANDS RESORT & MARINA, | ) | CASE NO. 17-40243 |
| AN OHIO GENERAL PARTNERSHIP | ) | |
| | ) | JUDGE KAY WOODS |
| Debtor. | ) | |

**ORDER (A) AUTHORIZING THE TRUSTEE TO ENTER INTO A
CLASS SETTLEMENT AGREEMENT AND (II) APPROVING THE
CLASS SETTLEMENT, AND CERTIFYING A SETTLEMENT CLASS,
AND APPROVING NOTICE TO CLASS MEMBERS**

The matter came to be heard upon the motion ("Motion") of Michael D. Buzulencia, chapter 7 Trustee ("Trustee") of Erie Islands Resort & Marina, an Ohio general partnership ("Debtor") for entry of an order: (a) authorizing the Trustee to enter into the class settlement agreement ("Settlement Agreement"), annexed as Exhibit B to the Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), (b) approving the class settlement, (c) certifying the proposed settlement class, (d) appointing the proposed class representatives, and (e) approving the form and manner of notice of the Settlement Agreement to the class members, pursuant to Bankruptcy Rule 7023.

This Court having found and concluded that it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(a), that the relief requested in the Motion is fair and equitable, and that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein, and having determined that granting the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors, and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. The class settlement ("Settlement") contemplated by the Settlement Agreement is fair, reasonable, and in the best interest of the Debtor's estate and its creditors, and the terms of the Settlement Agreement are approved in accordance with Bankruptcy Rule 9019.

4. Pursuant to Bankruptcy Rule 9019, the Trustee is hereby authorized to enter into the Settlement Agreement and to take all further action that the Trustee deems necessary or appropriate to carry out the terms of this order and the Settlement.

5. Pursuant to Bankruptcy Rules 7023, 9014, and 9019, the proposed settlement class is hereby certified as a class action for purposes of the Settlement ("Settlement Class").

6. The Settlement Class shall be defined as:

    all persons or entities, other than the Debtor and its Insiders, who purchased, acquired, or held any undivided ownership interests, or other similar occupancy rights or interests, in the Debtor's resort and marina including, without limitation, all claims for costs, expenses or fees, interest or other charges which they or any of their respective past or present predecessors or successors, personal representatives, heirs, assigns, employees, agents, or attorneys, may have against the Debtor, the Bankruptcy Estate, the Trustee, or any of the Trustee's attorneys, agents,

or employees and who did not transfer or convey such interest back to the Debtor prior to the Petition Date.

7. Carl R. Gordon, Gerri L. Gordon, and Karen Walderzak are appointed to serve as the class representatives of the Settlement Class ("Class Representatives").

8. Pursuant to Bankruptcy Rule 7023, the notice ("Notice"), annexed as Exhibit C to the Motion, and the manner and procedure for directing the Notice to the members of the Settlement Class, as set forth in the Settlement Agreement, is hereby approved as modified at the hearing, and the Trustee is ordered to direct the Notice to the Settlement Class members pursuant to the manner and procedure set forth in the Settlement Agreement.

9. Any Settlement Class member who desires to be excluded from the Settlement Class must opt-out by submitting to the Trustee a signed request for exclusion ("Opt-Out Request"), postmarked or personally delivered on or before June 29, 2018 ("Opt-Out Deadline").

10. Any Settlement Class member that files an Opt-Out Request in the manner provided herein is excluded from the Settlement Class and will not be entitled to any benefit described in, or any relief under, the Settlement Agreement.

11. Any Settlement Class member that does not file an Opt-Out Request in the manner provided herein shall be bound by the Settlement Agreement, including the releases provided for in the Settlement Agreement.

12. The release ("Class Release"), annexed as Exhibit D to the Motion, is approved.

13. The Settlement Class, by and through the Class Representatives, is authorized to execute and deliver to the Trustee the Class Release.

14. Except for those Settlement Class members that have properly and timely filed an Opt-Out Request, all others shall be deemed members of the Settlement Class for all purposes of the Settlement. Any Settlement Class member who has not properly and timely filed an Opt-Out

Request shall be bound by the Settlement Agreement and by all subsequent proceedings, orders, and judgments with respect to the Settlement.

15. Any Settlement Class member who desires to participate in any benefit described in the Settlement Agreement must submit to the Trustee a signed claim form ("Claim Form"), postmarked or personally delivered on or before June 29, 2018.

16. No later than seven (7) days after the Opt-Out Deadline, the Trustee shall file with the Court an affidavit certifying that the Settlement Class has been notified in accordance with this order.

17. Not later than ten (10) days after the Opt-Out Deadline, the Trustee shall file a report with the Court setting forth the name and address of each person, if any, that has timely filed an Opt-Out Request.

18. The Trustee shall serve each person that has timely filed an Opt-Out Request a bar date notice that extends the deadline for thirty (30) days thereafter for such persons to file an individual proof of claim in the Debtor's chapter 7 case.

19. The Trustee may terminate the Settlement Agreement pursuant to the terms of the Settlement Agreement.

20. If the Settlement Agreement is terminated pursuant to its terms, then this order shall become null and void.

21. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this order.

22. This order shall be immediately effective and enforceable upon its entry.

# # #

**SUBMITTED BY:**

*/s/Marc B. Merklin*
Marc B. Merklin (0018195)
Kate M. Bradley (0074206)
Timothy M. Reardon (0059631)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
treardon@brouse.com

*Counsel to the Trustee*

1008315.10